# UNITED STATES OF AMERICA
## DEPARTMENT OF JUSTICE
### SUBPOENA DUCES TECUM

TO: **HUTCHINSON CLINIC**
Custodian of Records
2101 N. Waldron
Hutchison, KS

**YOU ARE HEREBY COMMANDED TO APPEAR BEFORE**

Tanya J. Treadway, Assistant United States Attorney
U. S. Attorney's Office
Frank Carlson Federal Building
444 SE Quincy, Room 290
Topeka, KS 66683

an official of the U.S. Department of Justice, and you are hereby required to bring with you and produce the following:

**SEE ATTACHMENT.**

which are necessary in the performance of the responsibility of the U.S. Department of Justice to investigate A "federal health care offense" means a violation of, or a criminal conspiracy to violate – (1) section 669, 1035, 1347, or 1518 of this title or section 1128B of the Social Security Act (42 U.S.C. 1320a-7b); or (2) section 287, 3712, 664, 666, 1001, 1027, 1341, 1343, 1349, or 1954 of this title, section 301 of the Federal Food Drug and Cosmetic Act (21 U.S.C. 331), or section 501 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. 1131), or section 411, 518, or 511 of the Employee Retirement Income Security Act of 1974, if the violation or conspiracy relates to a health care benefit program.

**PLACE AND TIME FOR APPEARANCE:**

U.S. Attorney's Office, Frank Carlson Federal Building, 444 SE Quincy, Room 290, Topeka, KS 66683 on **July 13, 2012 at 9:00 a.m.**

**IN LIEU OF YOUR PERSONAL APPEARANCE,** the requested material may be sealed and mailed, addressed to: Tanya J. Treadway, Assistant United States Attorney, Frank Carlson Federal Building, 444 SE Quincy, Room 290, Topeka, KS 66683, prior to your scheduled date to appear.

---

Failure to comply with the requirements of this subpoena will render you liable to proceedings in the district court of the United States to enforce obedience to the requirements of this subpoena, and to punish default or disobedience.

---

Issued under authority of Sec. 248 of the Health Insurance Portability & Accountability Act of 1996, Public Law No. 104-91
(18 U.S.C. § 3486)

EXHIBIT
1

**IN TESTIMONY WHEREOF**

**Tanya J. Treadway**

the undersigned official of the U.S. DEPARTMENT OF JUSTICE, has hereunto set her hand this

_____20th____day of __June______, 2012.

Tanya J. Treadway
(Signature)

Form CRM-180
Mar. 97

## RETURN OF SERVICE

I, being a person over 18 years of age, hereby certify that a copy of this subpoena was duly served on the person named herein by means of --

1. personal delivery to an individual, to wit:

   **HUTCHINSON CLINIC**
   Custodian of Records
   2101 N. Waldron
   Hutchison, KS

2. personal delivery to an address, to wit:

   ______________________________
   (Description of premises)
   ______________________________
   (Address)
   ______________________________

3. Federal Express or United States Postal Service (certified mail) mailing to:

at __________ ( ) a.m. ( ) p.m. on ____________________.

______________________________

______________________________
Title

# UNITED STATES OF AMERICA
# DEPARTMENT OF JUSTICE

## SUBPOENA DUCES TECUM

Upon contumacy or refusal to obey, this subpoena shall be enforceable by order of the appropriate United States District Court.

# ATTACHMENT TO SUBPOENA

**Custodian of Records**
**Hutchinson Clinic**
**2101 N. Waldron**
**Hutchison, KS**

## INSTRUCTIONS FOR SUBPOENA COMPLIANCE

1. Time Period. Unless otherwise stated in any specification, this subpoena refers to documents that were received, created, or dated at any time during the period of **January 2008 to the present**.

2. Possession, Custody, and Control. This subpoena requires production of all documents responsive to the specifications which are in the possession, custody, or control of Hutchinson Clinic's Custodian of Records, officers, and employees, whether they be past or present, regardless of where located.

3. Statement of "No Responsive Documents". If no documents exist that are responsive to a specification, a written statement to that effect shall be provided at the time of production.

4. Identify Privileged Material. For any document or part thereof which is not produced by reason of a claim of privilege, the Custodian of Records shall provide: (1) the privilege being claimed and an explanation of the claim in sufficient detail to allow an assessment of its validity and (2) a description of each document or part thereof, including, as applicable: subject matter; date of preparation; number of pages; name, address and title of author(s); and names, addresses and titles of all actual and intended recipients.

5. Organization of Documents Produced. All documents produced pursuant to this subpoena are to be organized in such a manner that all documents relating to a particular specification and subsection are grouped together and identified as being responsive to that specification subsection.

6. Semantics. The singular form of a noun or pronoun shall be considered to include within it is meaning the plural form as well and vice versa. All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tenses as well and vice versa. The words "or" and "and" are inclusive, referring to any one or more of the disjoined words or phrases and "any" and "all" also include "each and every".

7. Unavailable Information. To the extent that documents responsive to this subpoena once were, but no longer are, in the possession, custody or control of the Custodian of Records, this subpoena requires the production of all existing indices, lists, or documents in the possession, custody, or control of the aforementioned, which reflect transfer or destruction of, or references to such documents.

**DEFINITIONS**

1. "Hutchinson Clinic" means any and all of the following: Hutchinson Clinic, its parent(s), subsidiary(ies), affiliate(s), segment(s), region(s), division(s), group(s), and related companies, joint ventures, and partnerships, any and all predecessor and/or successor entities of Hutchinson Clinic, and any present or former officers, directors, employees, agents, or members of the board of directors of these entities.

2. "Document(s)" means writings or records of every kind or character, conveying information by mechanical, electronic, photographic, or other means, whether encarded, taped, stored or coded electronically, electromagnetically, or otherwise. "Document" includes, but is not limited to: reports, records, correspondence, letters, envelopes, messages, notes, memoranda, calendars, diaries, minutes of meetings, working papers, directives, manuals, instructions, guidelines, analyses, agreements, accounts, summaries of investigations, contracts, charts, graphs, drawings, diagrams, press releases, trade letters, comparisons, newsletters, brochures, surveys, questionnaires, electronic mail (e-mail), voicemail messages, facsimiles, telegrams, videotapes, audiotapes, photograph films, magnetic tapes, computer discs (including floppy discs, hard discs, and hard drives), data cells, all programming instructions, record layouts, and other material necessary for the retrieval of all electronic or word processing material and printouts of data or information stored or maintained by electronic means, microfiche, microfilm, and telephone directories. Documents also include preliminary drafts or revisions, any attachment or enclosures, as well as copies or duplicates that are not identical to the original because of additions, deletions, alterations, or notations.

3. "Related to" or "relating to" means in any way to concern or to pertain to, whether directly or indirectly.

## SPECIFICATIONS

1. All medical and billing records for Medicare Beneficiaries identified in Attachment 1, to whom Mark R. Fesen, M.D. (Fesen) provided oncology services.

2. All patient attendance records for each Medicare Beneficiaries identified in Attachment 1.

3. A list of all physicians or other medical providers who referred the Medicare Beneficiaries identified in Attachment 1 for oncology services.

4. All employment records for Mark R. Fesen, M.D. and identifying all current and/or former employees of Mark R. Fesen, M.D., including but not limited to the following:

   a. Complete personnel file
   b. Employment applications
   c. Curriculum vitae or resume
   d. Position descriptions
   e. Performance evaluations
   f. Salary paid
   g. Bonuses paid
   h. Other compensation of any type
   i. Individual social security numbers
   j. Dates of employment
   k. Last known address
   l. Last known telephone numbers
   m. All documents related to any personnel action
   n. All documents related to internal or external standard of care review
   o. All goal setting and assessment forms

5. All Hutchinson Clinic organizational charts related to oncology services.

6. All documents referring or relating to contracts or agreements for laboratory services for oncology services.

7. All documents referring or relating to any audits, investigations, evaluations, or reviews conducted or made by any director, officer, employee or agent of the Hutchinson Clinic, or any outside entity, including but not limited to insurance companies, medical professional boards, education institutions, and any government payors, their agents or contractors related to oncology services and the administration of oncology medications rendered by Mark R. Fesen, M.D.

8. All documents referring or relating to employee complaints, comments, reports, or other communication regarding oncology services and the administration of oncology medications, including the identity of the employee reporting the issue and all Hutchinson Clinic discussions, meetings, investigations, decisions and actions taken by the Hutchinson Clinic in response.

9. All documents including, but not limited to, original notes/minutes generated by any Hutchinson Clinic director, officer, employee, or agent referring or relating to any meeting/discussion held to discuss how oncology services are provided and oncology medications are administered.

10. All documents including, but not limited to, original notes/minutes generated by any Hutchinson Clinic director, officer, employee, or agent referring or relating to any meeting/discussion held to discuss how claims for oncology services and the administration of oncology medications are documented.

11. All documents including, but not limited to, original notes/minutes generated by any Hutchinson Clinic director, officer, employee, or agent referring or relating to any meeting/discussion held to discuss how claims for oncology services and the administration of oncology medications are submitted.

12. All documents referring or relating to any complaint and/or adverse event or reaction to oncology services or oncology medication regimens.

13. All documents referring or relating to communications between Hutchinson Clinic and any representative of or contractor to the Medicare and Medicaid programs concerning oncology services and oncology medication regimens, including but not limited to, any guidance or information requested or received regarding how to perform and/or how to bill oncology services and oncology medication regimens.

14. All documents referring or relating to any agreement, past or present, with any individual or business entity that submits claims on behalf of Hutchinson Clinic for oncology services and the administration of oncology medication to the Medicare beneficiaries identified in Attachment 1, including, but not limited to:

    a. Names, addresses, telephone numbers of each individual or entity that provides or has provided the services to Hutchinson Clinic

    b. Agreements or contracts between Hutchinson Clinic and any such individual(s) or entity(s)

    c. Names, addresses, telephone numbers of each Hutchinson Clinic director, officer, employee, or agent coordinating with the individual(s) or entity(s)

d. All documents submitted by Hutchinson Clinic to the individual(s) or entity(s) providing the service.

15. All documents, including handouts, slides, video or audio recordings, brochures, training books, articles, medical journal reports, or any other professional educational or promotional information disseminated to Hutchinson Clinic directors, officers, or employees concerning oncology services and the administration of oncology medication, including, but not limited to:

a. The date the material was produced, delivered, offered, or discussed

b. The location where the material was delivered

c. The reason for providing the material

d. If the material was provided during the training session, identify the name, location, and audience attending the training.

| BENE_ID | BENE_LAST_NAME | BENE_FIRST_NAME | BENE_DOB | BENE_DOD |
|---|---|---|---|---|
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 45[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 52[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 50[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 48[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 52[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 50[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 49[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 48[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 35[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 33[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 50[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 50[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 50[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |
| 51[redacted] | [redacted] | [redacted] | [redacted] | [redacted] |

# United States Department of Justice

**Washington, D.C. 20530**

TO: Hutchinson Clinic, P.A. Civil Investigative Demand No. 15-01

**Serve on:** **Custodian of records or any person authorized to accept service of process for Hutchinson Clinic, P.A.**

This Civil Investigative Demand is issued pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729. The False Claims Act investigation concerns allegations regarding the fraudulent submission to Medicare and Tricare of claims for oncology services that were not reasonable and necessary.

This Demand requires you to provide documents as requested and answers to the interrogatories below. This is the original of the Demand; no copies have been served on other parties. The information and documents provided in response to this Demand may be shared, used, and disclosed as provided by 31 U.S.C. § 3733.

A. Documentary Material

You are required by this Demand to produce any and all of the following documents in your possession, custody, or control:

1. All medical and billing records for the Medicare and Tricare beneficiaries identified in Attachment 1.

2. All communications by clinic management or leadership regarding problems with, concerns about, audits of, or the termination or resignation of Dr. Mark Fesen.

3. All documents reflecting any clinic policy or procedure regarding oncology services, including but not limited to policies, procedures, guidelines, rules, instructions, or directions regarding the prescription or administration of drugs and biologics, evidence-based medicine, compendia guidelines or requirements, billing, insurance coverage, or physician behavior or practice.

4. All documents reflecting any insurance (Medicare, Tricare, Medicaid, or private) denial of benefits associated with Dr. Mark Fesen, including but not limited to any correspondence regarding those denials, any appeals of such denials, the reasoning or explanation for those denials, and any internal clinic documents or communications discussing or addressing those denials.

5. All documents reflecting any repayment or refund made to Medicare or Tricare regarding oncology services.

EXHIBIT 2

6. All documents reflecting the organizational structure of any compliance or risk management department for the clinic.

7. All minutes, notes, summaries, recaps, or agendas of the clinic's board of directors, administrative council or committee, finance committee, doctor compensation committee, compliance committee, or any other clinic leadership board or committee or group referring to Dr. Mark Fesen or his work.

8. All minutes, notes, summaries, recaps, or agendas of the clinic's board of directors, administrative council or committee, finance committee, doctor compensation committee, compliance committee, or any other clinic leadership board or committee or group referring to any Medicare or Tricare reimbursement, overpayment, or refund (hypothetical, proposed, actual, or otherwise) for Dr. Mark Fesen.

9. All minutes, notes, summaries, recaps, or agendas of the clinic's board of directors, administrative council or committee, finance committee, doctor compensation committee, compliance committee, or any other clinic leadership board or committee or group referring to fraud or allegations of fraud.

10. All documents reflecting any fines or financial penalties levied on Dr. Mark Fesen by the clinic for conduct occurring between January 1, 2008 through December 31, 2011.

11. All documents reflecting the amounts of filgrastim (Neupogen) purchased by or provided to the clinic between January 1, 2008 through December 31, 2011, including but not limited to all purchase orders for filgrastim (Neupogen).

12. All documents reflecting methods or procedures for calculating doctor compensation between January 1, 2008 through December 31, 2011.

You must make this material available to Robin R. Anderson, who has been designated as a False Claims Act custodian in this case. Ms. Anderson may be contacted at 913-551-6730 if you have any questions.

These documents shall be produced no later than thirty (30) days from the receipt of this Demand, at 500 State Avenue, Suite 360, Kansas City, Kansas 66101, or at another location to be mutually agreed upon by yourself and the False Claims Act custodian. The production of documentary material in response to this Demand must be made under a sworn certificate in the form printed in this Demand.

B. <u>Written Interrogatories</u>

You are required by this Demand to answer the interrogatories listed below. The answers to interrogatories shall be submitted no later than thirty (30) days from the receipt of this Demand, at 500 State Avenue, Suite 360, Kansas City, Kansas, 66101, or at such time and in such other places as may be agreed upon by yourself and the False Claims Act custodian. The interrogatories shall be answered separately and fully in writing under oath and also shall be submitted under a sworn certificate in the form printed in this Demand. If you object to any interrogatory, the reasons for the objection shall be stated with specificity.

1. List the name, social security number, and date of birth for every oncology patient whose case or chart was reviewed by Dr. Roger Gingrich.

2. For each person listed in response to Interrogatory 1, indicate when the review took place, Dr. Gingrich's findings, conclusions, or recommendations, and what action was taken by the clinic as a result.

3. Explain the purpose and role of any clinic compliance or risk management department.

4. Identify all current and former members of the clinic board of directors and administrative council or committee from January 1, 2008 through the present, including the name, title, social security number, tenure of appointment, current or last known home address, and home telephone number of all individuals identified.

5. Identify all current and former doctors, nurses, physicians assistants, or other staff employed by the clinic in the oncology, radiology, and pharmacy departments since January 1, 2008, including name, title, social security number, employment tenure, current or last known home address, and home telephone number of all individuals identified.

6. List the name of all individuals holding an ownership stake in the clinic between January 1, 2008 through December 31, 2011.

7. Identify all oncology drug suppliers or wholesalers used by the clinic between January 1, 2008 through December 31, 2011, including the name, address, and telephone number for all suppliers or wholesalers identified.

DEFINITIONS AND INSTRUCTIONS

A. For purposes of this Demand, the term "documents" shall include all materials that satisfy the meaning of the term "documents" as defined in Fed. R. Civ. P. 34(a), and shall also include all papers, books, published materials, electronically stored information, data compilations, records, recordings, audio or video tapes, CDs, DVDs, diskettes, notes, diaries, calendar notations, letters, recordings, images, e-mails, photographs, x-rays and other radiographic media, charts, and similar written or audio/visual materials, medical charts, physicians' office records, correspondence, hospital records concerning patients, laboratory reports, consultation reports, medical reports furnished routinely or specially to any person, organization, or entity (including the patient or any representative of the patient or any insurance company), information concerning diagnosis, treatment, medications, prognosis, or impressions, and all insurance records. Documents also includes preliminary drafts or revisions, any attachment or enclosures, as well as copies or duplicates that are not identical to the original because of additions, deletions, alterations, or notations.

B. For purposes of this Demand, the term "clinic" refers to the Hutchinson Clinic, P.A., its parents, subsidiaries, affiliates, segments, regions, divisions, groups, related companies, joint ventures, partnerships, and all predecessor or successor entities.

C. The term "correspondence" means transmittal of information (in the form of facts, ideas, inquiries, or otherwise) between two or more persons.

D. The term "communication" means any transmission or exchange of information between two or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to face or by telephone, facsimile, letter, notes of conversations, memorandum, text message, instant message, tweets, electronic posts, or electronic mail message of whatever type and description, however made, and includes all handwritten, typed, printed, recorded, transcribed, and taped writing or record of such communications.

E. The terms "relate to", "relating to", "reflecting", or "regarding" mean to make a statement about, refer to, discuss, describe, reflect, evidence, identify, deal with, consist of, or in any way pertain, in whole or in part, to the subject. These terms include, without limitation, the synonyms pertaining, concerning, constituting, evidencing, analyzing, showing, referring to, responding to, commenting on, supporting, refuting, tending to prove or disprove, copying, describing, containing, or connecting in any other manner to the matter described.

F. All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tenses as well, and vice versa.

G. The singular forms of a noun or pronoun shall be construed to include within its meaning the plural form of the word, and vice versa.

H. If no responsive documents exist with regard to a request, a written statement to that effect shall be provided at the time of production. If responsive documents have previously been provided, reference to the Bates range of such responsive documents may be provided.

I. For any document or part thereof that is not produced by reason of a claim of privilege, the custodian of records shall provide: (1) the privilege being claimed and an explanation of the claim in sufficient detail to allow an assessment of its validity, and (2) a description of each document or part thereof, including, as applicable: subject matter; date of preparation; number of pages; name, address, and title of authors; and names, addresses, and titles of all actual and intended recipients.

J. All documents produced pursuant to this Demand are to be organized in such a manner that all documents relating to a particular request are grouped together and identified as being responsive to that request.

K. This Demand requires production of all documents responsive to a request that are in the possession, custody, or control of the clinic's custodian of records, officers, and employees, whether they be past or present, regardless of where located.

L. Unless otherwise stated in any request, this Demand refers to documents that were received, created, or dated at any time during the period of January 1, 2008 to the present.

Issued on 6.30 2015, at Kansas City, Kansas.

Barry R. Grissom [signature]

Barry R. Grissom
United States Attorney
District of Kansas

**ATTACHMENT 1**

| | SSN | NAME |
|---|---|---|
| 1 | [redacted] | [redacted] |
| 2 | [redacted] | [redacted] |
| 3 | [redacted] | [redacted] |
| 4 | [redacted] | [redacted] |
| 5 | [redacted] | [redacted] |
| 6 | [redacted] | [redacted] |
| 7 | [redacted] | [redacted] |
| 8 | [redacted] | [redacted] |
| 9 | [redacted] | [redacted] |
| 10 | [redacted] | [redacted] |
| 11 | [redacted] | [redacted] |
| 12 | [redacted] | [redacted] |
| 13 | [redacted] | [redacted] |
| 14 | [redacted] | [redacted] |
| 15 | [redacted] | [redacted] |
| 16 | [redacted] | [redacted] |
| 17 | [redacted] | [redacted] |
| 18 | [redacted] | [redacted] |
| 19 | [redacted] | [redacted] |
| 20 | [redacted] | [redacted] |
| 21 | [redacted] | [redacted] |
| 22 | [redacted] | [redacted] |
| 23 | [redacted] | [redacted] |
| 24 | [redacted] | [redacted] |
| 25 | [redacted] | [redacted] |
| 26 | [redacted] | [redacted] |
| 27 | [redacted] | [redacted] |
| 28 | [redacted] | [redacted] |
| 29 | [redacted] | [redacted] |
| 30 | [redacted] | [redacted] |
| 31 | [redacted] | [redacted] |
| 32 | [redacted] | [redacted] |
| 33 | [redacted] | [redacted] |
| 34 | [redacted] | [redacted] |
| 35 | [redacted] | [redacted] |
| 36 | [redacted] | [redacted] |
| 37 | [redacted] | [redacted] |
| 38 | [redacted] | [redacted] |
| 39 | [redacted] | [redacted] |
| 40 | [redacted] | [redacted] |
| 41 | [redacted] | [redacted] |
| 42 | [redacted] | [redacted] |

| | |
|---|---|
| 43 | [redacted] |
| 44 | [redacted] |
| 45 | [redacted] |
| 46 | [redacted] |
| 47 | [redacted] |
| 48 | [redacted] |
| 49 | [redacted] |
| 50 | [redacted] |
| 51 | [redacted] |
| 52 | [redacted] |
| 53 | [redacted] |
| 54 | [redacted] |
| 55 | [redacted] |
| 56 | [redacted] |
| 57 | [redacted] |
| 58 | [redacted] |
| 59 | [redacted] |
| 60 | [redacted] |
| 61 | [redacted] |
| 62 | [redacted] |
| 63 | [redacted] |
| 64 | [redacted] |
| 65 | [redacted] |
| 66 | [redacted] |
| 67 | [redacted] |
| 68 | [redacted] |
| 69 | [redacted] |
| 70 | [redacted] |
| 71 | [redacted] |
| 72 | [redacted] |
| 73 | [redacted] |
| 74 | [redacted] |
| 75 | [redacted] |
| 76 | [redacted] |
| 77 | [redacted] |
| 78 | [redacted] |
| 79 | [redacted] |
| 80 | [redacted] |
| 81 | [redacted] |
| 82 | [redacted] |
| 83 | [redacted] |
| 84 | [redacted] |
| 85 | [redacted] |
| 86 | [redacted] |
| 87 | [redacted] |
| 88 | [redacted] |

| | |
|---|---|
| 89 | [redacted] |
| 90 | |
| 91 | |
| 92 | |
| 93 | |
| 94 | |
| 95 | |
| 96 | |
| 97 | |
| 98 | |
| 99 | |
| 100 | |

**Civil Investigative Demand - Oral Testimony**

# United States Department of Justice

**Washington, D.C. 20530**

TO: Mike Heck
RE: Civil Investigative Demand No. 15-01

This Civil Investigative Demand is issued pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729. The False Claims Act investigation concerns allegations regarding the fraudulent submission to Medicare and Tricare of claims for oncology services that were not reasonable and necessary.

This Demand requires you to provide testimony to the Federal Government. This is the original of the Demand; no copies have been served on other parties. The information provided in response to this Demand may be shared, used, and disclosed as provided by 31 U.S.C. § 3733.

**Oral Testimony:**

You are required by this Demand to give oral testimony under oath at such time and in such other place as may be agreed upon by the False Claims Act investigator and you, but within 30 days from the date of receipt of this Demand. The testimony will be taken stenographically and also may be recorded audio-visually.

Robin R. Anderson will be the False Claims Act investigator who will conduct the examination, and to whom the transcript of the deposition will be delivered. Your attendance and testimony at the oral examination are necessary to the False Claims Act investigation described above. You have the right to be accompanied by an attorney and any other personal representative at the oral examination.

The general purpose for which this Civil Investigative Demand is issued is to discover your knowledge concerning the use and administration of chemotherapy, biologic drugs, and other treatments for patients by Dr. Mark Fesen, and the billing of those services to Medicare and Tricare. The primary areas of inquiry are (1) Hutchinson Clinic, P.A. organization and management structure; (2) Dr. Mark Fesen's tenure at and resignation from Hutchinson Clinic, P.A., including his methods and manner for treating patients; (3) concerns raised about Dr. Mark Fesen and Hutchinson Clinic, P.A.'s response to any such concerns; (4) Dr. Roger Gingrich's audits and reports regarding oncology services at Hutchinson Clinic, P.A., and management's response; (5) billings to Medicare and Tricare for oncology services; (6) overpayments, reimbursements, or refunds (hypothetical, proposed, actual, or otherwise) by or to Medicare or Tricare; (7) doctor compensation; and (8) evidence-based medicine.

Issued on 6.30 2015, at Kansas City, Kansas.

Barry R. Grissom
United States Attorney
District of Kansas

EXHIBIT
3

**Civil Investigative Demand - Oral Testimony**

# United States Department of Justice

**Washington, D.C. 20530**

TO: Fadi Estephan, MD
RE: Civil Investigative Demand No. 15-01

This Civil Investigative Demand is issued pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729. The False Claims Act investigation concerns allegations regarding the fraudulent submission to Medicare and Tricare of claims for oncology services that were not reasonable and necessary.

This Demand requires you to provide testimony to the Federal Government. This is the original of the Demand; no copies have been served on other parties. The information provided in response to this Demand may be shared, used, and disclosed as provided by 31 U.S.C. § 3733.

**Oral Testimony:**

You are required by this Demand to give oral testimony under oath at such time and in such other place as may be agreed upon by the False Claims Act investigator and you, but within 30 days from the date of receipt of this Demand. The testimony will be taken stenographically and also may be recorded audio-visually.

Robin R. Anderson will be the False Claims Act investigator who will conduct the examination, and to whom the transcript of the deposition will be delivered. Your attendance and testimony at the oral examination are necessary to the False Claims Act investigation described above. You have the right to be accompanied by an attorney and any other personal representative at the oral examination.

The general purpose for which this Civil Investigative Demand is issued is to discover your knowledge concerning the use and administration of chemotherapy, biologic drugs, and other treatments for patients by Dr. Mark Fesen, and the billing of those services to Medicare and Tricare. The primary areas of inquiry are (1) Hutchinson Clinic, P.A. oncology policies and procedures; (2) Dr. Mark Fesen's tenure at and resignation from Hutchinson Clinic, P.A., including his methods and manner for treating patients; (3) concerns raised about Dr. Mark Fesen and Hutchinson Clinic, P.A.'s response to any such concerns; (4) generally accepted oncology treatment practices; (5) billings to Medicare and Tricare for oncology services; (6) doctor compensation; and (7) evidence-based medicine.

Issued on 6-30 2015, at Kansas City, Kansas.

Barry R. Grissom
United States Attorney
District of Kansas

**Civil Investigative Demand - Oral Testimony**

# United States Department of Justice

**Washington, D.C. 20530**

TO: Mary Ellen Pianalto
RE: Civil Investigative Demand No. 15-01

This Civil Investigative Demand is issued pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733, in the course of a False Claims Act investigation to determine whether there is or has been a violation of 31 U.S.C. § 3729. The False Claims Act investigation concerns allegations regarding the fraudulent submission to Medicare and Tricare of claims for oncology services that were not reasonable and necessary.

This Demand requires you to provide testimony to the Federal Government. This is the original of the Demand; no copies have been served on other parties. The information and documents provided in response to this Demand may be shared, used, and disclosed as provided by 31 U.S.C. § 3733.

**Oral Testimony:**

You are required by this Demand to give oral testimony under oath at such time and in such other place as may be agreed upon by the False Claims Act investigator and you, but within 30 days from the date of receipt of this Demand. The testimony will be taken stenographically and also may be recorded audio-visually.

Robin R. Anderson will be the False Claims Act investigator who will conduct the examination, and to whom the transcript of the deposition will be delivered. Your attendance and testimony at the oral examination are necessary to the False Claims Act investigation described above. You have the right to be accompanied by an attorney and any other personal representative at the oral examination.

The general purpose for which this Civil Investigative Demand is issued is to discover your knowledge concerning the use and administration of chemotherapy, biologic drugs, and other treatments for patients by Dr. Mark Fesen, and the billing of those services to Medicare and Tricare. The primary areas of inquiry are (1) Hutchinson Clinic, P.A. oncology policies and procedures; (2) Dr. Mark Fesen's tenure at and resignation from Hutchinson Clinic, P.A., including his methods and manner for treating patients; and (3) billings to Medicare and Tricare for oncology services.

Issued on 6·30 2015, at Kansas City, Kansas.

Barry R. Grissom
United States Attorney
District of Kansas

1500

# HEALTH INSURANCE CLAIM FORM

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE 08/05

PICA — PICA

CARRIER

SAMPLE

1. MEDICARE (Medicare #) MEDICAID (Medicaid #) TRICARE CHAMPUS (Sponsor's SSN) CHAMPVA (Member ID#) GROUP HEALTH PLAN (SSN or ID) FECA BLK LUNG (SSN) OTHER (ID)

1a. INSURED'S I.D. NUMBER (For Program in Item 1)

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)

3. PATIENT'S BIRTH DATE MM DD YY SEX M F

4. INSURED'S NAME (Last Name, First Name, Middle Initial)

5. PATIENT'S ADDRESS (No., Street)

6. PATIENT RELATIONSHIP TO INSURED Self Spouse Child Other

7. INSURED'S ADDRESS (No., Street)

CITY STATE

8. PATIENT STATUS Single Married Other

CITY STATE

ZIP CODE TELEPHONE (Include Area Code) ( )

Employed Full-Time Student Part-Time Student

ZIP CODE TELEPHONE (Include Area Code) ( )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (Current or Previous) YES NO

a. INSURED'S DATE OF BIRTH MM DD YY SEX M F

b. OTHER INSURED'S DATE OF BIRTH MM DD YY SEX M F

b. AUTO ACCIDENT? YES NO PLACE (State)

b. EMPLOYER'S NAME OR SCHOOL NAME

c. EMPLOYER'S NAME OR SCHOOL NAME

c. OTHER ACCIDENT? YES NO

c. INSURANCE PLAN NAME OR PROGRAM NAME

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. RESERVED FOR LOCAL USE

d. IS THERE ANOTHER HEALTH BENEFIT PLAN? YES NO *If yes*, return to and complete item 9 a-d.

**READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.**

12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED ____________ DATE ____________

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED ____________

PATIENT AND INSURED INFORMATION

14. DATE OF CURRENT: MM DD YY ILLNESS (First symptom) OR INJURY (Accident) OR PREGNANCY(LMP)

15. IF PATIENT HAS HAD SAME OR SIMILAR ILLNESS. GIVE FIRST DATE MM DD YY

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION FROM MM DD YY TO MM DD YY

17. NAME OF REFERRING PROVIDER OR OTHER SOURCE

17a.

17b. NPI

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES FROM MM DD YY TO MM DD YY

19. RESERVED FOR LOCAL USE

20. OUTSIDE LAB? YES NO $ CHARGES

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY (Relate Items 1, 2, 3 or 4 to Item 24E by Line)

1. ____ . ____

3. ____ . ____

2. ____ . ____

4. ____ . ____

22. MEDICAID RESUBMISSION CODE ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE From MM DD YY To MM DD YY | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. ID. QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | NPI | |
| 2 | | | | | | | | NPI | |
| 3 | | | | | | | | NPI | |
| 4 | | | | | | | | NPI | |
| 5 | | | | | | | | NPI | |
| 6 | | | | | | | | NPI | |

25. FEDERAL TAX I.D. NUMBER SSN EIN

26. PATIENT'S ACCOUNT NO.

27. ACCEPT ASSIGNMENT? (For govt. claims, see back) YES NO

28. TOTAL CHARGE $

29. AMOUNT PAID $

30. BALANCE DUE $

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS (I certify that the statements on the reverse apply to this bill and are made a part thereof.)

SIGNED DATE

32. SERVICE FACILITY LOCATION INFORMATION

a. NPI b.

33. BILLING PROVIDER INFO & PH # ( )

a. NPI b.

PHYSICIAN OR SUPPLIER INFORMATION



EXHIBIT 4

**BECAUSE THIS FORM IS USED BY VARIOUS GOVERNMENT AND PRIVATE HEALTH PROGRAMS, SEE SEPARATE INSTRUCTIONS ISSUED BY APPLICABLE PROGRAMS.**

**NOTICE: Any person who knowingly files a statement of claim containing any misrepresentation or any false, incomplete or misleading information may be guilty of a criminal act punishable under law and may be subject to civil penalties.**

**REFERS TO GOVERNMENT PROGRAMS ONLY**

MEDICARE AND CHAMPUS PAYMENTS: A patient's signature requests that payment be made and authorizes release of any information necessary to process the claim and certifies that the information provided in Blocks 1 through 12 is true, accurate and complete. In the case of a Medicare claim, the patient's signature authorizes any entity to release to Medicare medical and nonmedical information, including employment status, and whether the person has employer group health insurance, liability, no-fault, worker's compensation or other insurance which is responsible to pay for the services for which the Medicare claim is made. See 42 CFR 411.24(a). If item 9 is completed, the patient's signature authorizes release of the information to the health plan or agency shown. In Medicare assigned or CHAMPUS participation cases, the physician agrees to accept the charge determination of the Medicare carrier or CHAMPUS fiscal intermediary as the full charge, and the patient is responsible only for the deductible, coinsurance and noncovered services. Coinsurance and the deductible are based upon the charge determination of the Medicare carrier or CHAMPUS fiscal intermediary if this is less than the charge submitted. CHAMPUS is not a health insurance program but makes payment for health benefits provided through certain affiliations with the Uniformed Services. Information on the patient's sponsor should be provided in those items captioned in "Insured"; i.e., items 1a, 4, 6, 7, 9, and 11.

**BLACK LUNG AND FECA CLAIMS**

The provider agrees to accept the amount paid by the Government as payment in full. See Black Lung and FECA instructions regarding required procedure and diagnosis coding systems.

**SIGNATURE OF PHYSICIAN OR SUPPLIER (MEDICARE, CHAMPUS, FECA AND BLACK LUNG)**

I certify that the services shown on this form were medically indicated and necessary for the health of the patient and were personally furnished by me or were furnished incident to my professional service by my employee under my immediate personal supervision, except as otherwise expressly permitted by Medicare or CHAMPUS regulations.

For services to be considered as "incident" to a physician's professional service, 1) they must be rendered under the physician's immediate personal supervision by his/her employee, 2) they must be an integral, although incidental part of a covered physician's service, 3) they must be of kinds commonly furnished in physician's offices, and 4) the services of nonphysicians must be included on the physician's bills.

For CHAMPUS claims, I further certify that I (or any employee) who rendered services am not an active duty member of the Uniformed Services or a civilian employee of the United States Government or a contract employee of the United States Government, either civilian or military (refer to 5 USC 5536). For Black-Lung claims, I further certify that the services performed were for a Black Lung-related disorder.

No Part B Medicare benefits may be paid unless this form is received as required by existing law and regulations (42 CFR 424.32).

NOTICE: Any one who misrepresents or falsifies essential information to receive payment from Federal funds requested by this form may upon conviction be subject to fine and imprisonment under applicable Federal laws.

**NOTICE TO PATIENT ABOUT THE COLLECTION AND USE OF MEDICARE, CHAMPUS, FECA, AND BLACK LUNG INFORMATION**
(PRIVACY ACT STATEMENT)

We are authorized by CMS, CHAMPUS and OWCP to ask you for information needed in the administration of the Medicare, CHAMPUS, FECA, and Black Lung programs. Authority to collect information is in section 205(a), 1862, 1872 and 1874 of the Social Security Act as amended, 42 CFR 411.24(a) and 424.5(a) (6), and 44 USC 3101;41 CFR 101 et seq and 10 USC 1079 and 1086; 5 USC 8101 et seq; and 30 USC 901 et seq; 38 USC 613; E.O. 9397.

The information we obtain to complete claims under these programs is used to identify you and to determine your eligibility. It is also used to decide if the services and supplies you received are covered by these programs and to insure that proper payment is made.

The information may also be given to other providers of services, carriers, intermediaries, medical review boards, health plans, and other organizations or Federal agencies, for the effective administration of Federal provisions that require other third parties payers to pay primary to Federal program, and as otherwise necessary to administer these programs. For example, it may be necessary to disclose information about the benefits you have used to a hospital or doctor. Additional disclosures are made through routine uses for information contained in systems of records.

**FOR MEDICARE CLAIMS:** See the notice modifying system No. 09-70-0501, titled, 'Carrier Medicare Claims Record,' published in the Federal Register, Vol. 55 No. 177, page 37549, Wed. Sept. 12, 1990, or as updated and republished.

**FOR OWCP CLAIMS:** Department of Labor, Privacy Act of 1974, "Republication of Notice of Systems of Records," Federal Register Vol. 55 No. 40, Wed Feb. 28, 1990, See ESA-5, ESA-6, ESA-12, ESA-13, ESA-30, or as updated and republished.

**FOR CHAMPUS CLAIMS:** PRINCIPLE PURPOSE(S): To evaluate eligibility for medical care provided by civilian sources and to issue payment upon establishment of eligibility and determination that the services/supplies received are authorized by law.

ROUTINE USE(S): Information from claims and related documents may be given to the Dept. of Veterans Affairs, the Dept. of Health and Human Services and/or the Dept. of Transportation consistent with their statutory administrative responsibilities under CHAMPUS/CHAMPVA; to the Dept. of Justice for representation of the Secretary of Defense in civil actions; to the Internal Revenue Service, private collection agencies, and consumer reporting agencies in connection with recoupment claims; and to Congressional Offices in response to inquiries made at the request of the person to whom a record pertains. Appropriate disclosures may be made to other federal, state, local, foreign government agencies, private business entities, and individual providers of care, on matters relating to entitlement, claims adjudication, fraud, program abuse, utilization review, quality assurance, peer review, program integrity, third-party liability, coordination of benefits, and civil and criminal litigation related to the operation of CHAMPUS.

DISCLOSURES: Voluntary; however, failure to provide information will result in delay in payment or may result in denial of claim. With the one exception discussed below, there are no penalties under these programs for refusing to supply information. However, failure to furnish information regarding the medical services rendered or the amount charged would prevent payment of claims under these programs. Failure to furnish any other information, such as name or claim number, would delay payment of the claim. Failure to provide medical information under FECA could be deemed an obstruction.

It is mandatory that you tell us if you know that another party is responsible for paying for your treatment. Section 1128B of the Social Security Act and 31 USC 3801-3812 provide penalties for withholding this information.

You should be aware that P.L. 100-503, the "Computer Matching and Privacy Protection Act of 1988", permits the government to verify information by way of computer matches.

**MEDICAID PAYMENTS (PROVIDER CERTIFICATION)**

I hereby agree to keep such records as are necessary to disclose fully the extent of services provided to individuals under the State's Title XIX plan and to furnish information regarding any payments claimed for providing such services as the State Agency or Dept. of Health and Human Services may request.

I further agree to accept, as payment in full, the amount paid by the Medicaid program for those claims submitted for payment under that program, with the exception of authorized deductible, coinsurance, co-payment or similar cost-sharing charge.

**SIGNATURE OF PHYSICIAN (OR SUPPLIER):** I certify that the services listed above were medically indicated and necessary to the health of this patient and were personally furnished by me or my employee under my personal direction.

NOTICE: This is to certify that the foregoing information is true, accurate and complete. I understand that payment and satisfaction of this claim will be from Federal and State funds, and that any false claims, statements, or documents, or concealment of a material fact, may be prosecuted under applicable Federal or State laws.

According to the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number. The valid OMB control number for this information collection is 0938-0999. The time required to complete this information collection is estimated to average 10 minutes per response, including the time to review instructions, search existing data resources, gather the data needed, and complete and review the information collection. If you have any comments concerning the accuracy of the time estimate(s) or suggestions for improving this form, please write to: CMS, Attn: PRA Reports Clearance Officer, 7500 Security Boulevard, Baltimore, Maryland 21244-1850. This address is for comments and/or suggestions only. DO NOT MAIL COMPLETED CLAIM FORMS TO THIS ADDRESS.

SAMPLE